# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| **TRAVIS MOORE,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **AMERICUS RESTAURANT GROUP, INC. d/b/a The Station, JOHN PAUL JOINER, and RICHARD LEE TYSON,** <br><br> **Defendants.** | Civil Action No. 1:17-cv-107 |

## COMPLAINT

Plaintiff Travis Moore, by and through his attorneys, herein asserts claims against Defendants Americus Restaurant Group, Inc. d/b/a The Station, John Paul Joiner, and Richard Lee Tyson, showing the Court as follows:

### Introduction

1.

In this Fair Labor Standards Act action, 29 U.S.C. 201 *et seq.*, Plaintiff Travis Moore seeks to recover unpaid overtime wages, liquidated damages, and costs of litigation from his former employers.

## Jurisdiction and Venue

2.

This Court has original jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because it raises a question of federal law.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## Parties

4.

Plaintiff Travis Moore is a natural person residing in Sumter County, Georgia.

5.

Defendant Americus Restaurant Group, Inc. d/b/a The Station (hereinafter "The Station") is a domestic corporation existing under the laws of the State of Georgia. The Station may be served with process via service on its registered agent for service John Paul Joiner, located at 222 West Lamar Street, Americus, Sumter County, GA 31709.

6.

The Station is subject to the personal jurisdiction of this Court.

7.

Defendant John Paul Joiner is an individual who resides in the State of Georgia. Joiner may be served with process at his residence in Americus, Sumter County, Georgia.

8.

Joiner is subject to the personal jurisdiction of this Court.

9.

Defendant Richard Lee Tyson is an individual who resides in the State of Georgia. Tyson may be served with process at his residence in Plains, Sumter County, Georgia.

10.

Tyson is subject to the personal jurisdiction of this Court.

**Factual Allegations**

11.

Defendants jointly own and operate a restaurant known as The Station in Americus, Georgia.

12.

Plaintiff was employed at The Station from March 2002 through approximately 2003 and from approximately 2004 through June 3, 2017.

13.

During the three years prior to the filing of this complaint (hereinafter "the Relevant Time Period"), Plaintiff was employed at The Station as a grill cook.

14.

The Station serves American cuisine and features a full bar serving both domestic and imported alcohols.

15.

In 2014, The Station had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

In 2014, The Station had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

In 2014, The Station was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

18.

In 2015, The Station had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

In 2015, The Station had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

In 2015, The Station was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

21.

In 2016, The Station had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

In 2016, The Station had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

In 2016, The Station was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

24.

In 2017, The Station had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

In 2017, The Station will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

In 2017, The Station was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

27.

Throughout the Relevant Time Period, The Station was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

28.

Throughout Relevant Time Period, The Station was an "employer" of Moore within the meaning of 29 U.S.C. § 203(d).

29.

Throughout Relevant Time Period, Joiner was the CEO and Secretary of The Station, as well as a part owner and manager.

30.

Throughout the Relevant Time Period, Joiner was involved in the day-to-day operation of The Station.

31.

Throughout the Relevant Time Period, Joiner had authority over the terms of Moore's employment, including his compensation.

32.

Throughout the Relevant Time Period, Joiner was an "employer" of Moore within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

33.

Throughout Relevant Time Period, Tyson was the CFO of The Station, as well as a part owner and manager.

34.

Throughout the Relevant Time Period, Tyson was involved in the day-to-day operation of The Station.

35.

Throughout the Relevant Time Period, Tyson had authority over the terms of Moore's employment, including his compensation.

36.

Throughout the Relevant Time Period, Tyson was an "employer" of Moore within the meaning of 29 U.S.C. § 203(d).

37.

Throughout the Relevant Time Period, Moore's primary duty was the performance of non-exempt duties.

38.

Throughout the Relevant Time Period, Moore's primary duty was to perform the job of grill cook.

39.

Throughout the Relevant Time Period, Defendants paid Moore on an hourly basis.

40.

Throughout the Relevant Time Period, Moore was not employed in a bona fide professional capacity within the meaning of 29 USC § 213(a).

41.

Throughout the Relevant Time Period, Moore was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

42.

Throughout the Relevant Time Period, Moore was not employed in a bona fide executive capacity within the meaning of 29 USC § 213(a).

43.

Throughout the Relevant Time Period, Moore was not exempt from the overtime wage requirements of the Fair Labor Standards Act under any exemption enumerated in 29 U.S.C. §§ 207 or 213.

44.

Throughout the Relevant Time Period, the Fair Labor Standards Act required Defendants to compensate Moore at time and one half times his regular rate for all hours worked in excess of forty (40) in any given workweek.

45.

Throughout the Relevant Time Period, Defendants knew or should have known that Moore was not exempt from the overtime pay requirements of the FLSA.

46.

Throughout the Relevant Time Period, Moore regularly worked at The Station in excess of 40 hours per week, averaging approximately 55 hours per week.

47.

Throughout the Relevant Time Period, Defendants failed to compensate Moore at the legally required rate of one-and-one-half times his regular rate for all hours worked in excess of 40 hours per week.

48.

Throughout the Relevant Time Period, Defendants compensated Moore at his regular hourly rate for all hours worked, regardless of the number of hours worked in a given workweek.

49.

Upon information and belief, in failing or refusing to pay Plaintiff overtime wages as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff, as a grill cook was subject to any exemption from the overtime pay provisions of the FLSA.

50.

Upon information and belief, in failing or refusing to pay Plaintiff overtime wages as required by the FLSA, Defendants have not relied on any legal advice indicating that Plaintiff, as a grill cook, was subject to any exemption from the overtime pay provisions of the FLSA.

### COUNT ONE – FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §§ 207 AND 215

51.

The foregoing paragraphs are incorporated herein by this reference.

52.

Throughout his employment by Defendants, Moore regularly worked in excess of 40 hours per week.

53.

Defendants were legally required to pay Moore at the rate of one-and-one-half times his regular rate for all hours worked in excess of 40 hours in each workweek.

54.

Defendants failed to compensate Moore at the legally required overtime rate for all hours worked in excess of 40 hours per week in each workweek.

55.

Defendants' failure to compensate Moore at the overtime rate of one-and-one-half times his regular hourly rate for all hours worked over 40 hours per week is a violation of 29 U.S.C. § 207 and 215.

56.

Moore is entitled to receive his unpaid overtime wages, liquidated damages in an amount equal to his actual damages, prejudgment interest to the extent that liquidated damages are not awarded, nominal damages, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

57.

Because Defendants' FLSA overtime violations were willful, the statute of limitations should be extended to three years from the date this complaint was filed.

**WHEREFORE**, Plaintiff requests that this Court:

(a) Take jurisdiction of this matter;

(b) Issue an Order holding each of the Defendants to be Plaintiff's "employer" as that term is used in the FLSA;

(c) Grant a trial by jury as to all matters properly triable to a jury;

(d) Issue a judgment declaring that Plaintiff was covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(e) Award Plaintiff proper payment for each overtime hour worked during the Relevant Time Period, and liquidated damages equaling 100% of the unpaid and/or untimely paid overtime wages due to Plaintiff, as required by the FLSA;

(f) Award Plaintiff prejudgment interest on all amounts owed, to the extent that liquidated damages are not awarded;

(g) Award Plaintiff nominal damages; and

(h) Award any and such other further relief this Court deems just, equitable and proper.

This 7th day of June 2017.

                Respectfully submitted,

                **DELONG, CALDWELL, BRIDGERS,**
                **FITZPATRICK & BENJAMIN, LLC**

                */s/ Mitchell D. Benjamin*
3100 Centennial Tower       Mitchell D. Benjamin
101 Marietta Street           Ga. Bar No. 049888
Atlanta, Georgia 30303
(404) 979-3150              */s/ Matthew W. Herrington*
(404) 979-3170 (f)         Matthew W. Herrington
benjamin@dcbflegal.com  Ga. Bar No. 275411
matthew.herrington@dcbflegal.com

                **Counsel for Plaintiff**